IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

KYLE JOHNSON,
           Plaintiff,

vs.                                          5:06cv235/MCR/MD

HOLMES CORRECTIONAL
INSTITUTION, et al.
           Defendants.

---

## ORDER and
## REPORT AND RECOMMENDATION

       This case is before the court upon plaintiff's complaint filed pursuant to 42 U.S.C. § 1983 and his motion to proceed *in forma pauperis.*  (Doc. 1 and 2).  Plaintiff's prisoner consent form is incomplete in that it has not been signed by either the plaintiff or the appropriate institutional official.[1]  However, requiring the plaintiff to submit an updated form would be futile, as this case is premature and must be dismissed due to plaintiff's failure to exhaust his administrative remedies before filing suit.

       Under the pre-PLRA version of § 42 U.S.C.A. § 1997e, courts had the option to stay actions not administratively exhausted, if the court found this to be "appropriate and in the interests of justice." 42 U.S.C. § 1997e(a)(1)(1994)(amended 1996).  By contrast, the current version provides that:

       (a) Applicability of administrative remedies
              No action shall be brought with respect to prison conditions
              under section 1983 of this title, or any other Federal law, by a
              prisoner confined in any jail, prison, or other correctional facility

---

[1] In addition, the court notes that the prisoner consent form is an outdated version reflecting a filing fee of only $150.00. As of April 9, 2006, the filing fee for civil actions was increased to $350.00.

> until such administrative remedies as are available are
> exhausted.

42 U.S.C.A. § 1997e(a) (West Supp.1997). Therefore, the plain language of the statute makes the exhaustion requirement a mandatory prerequisite to filing suit.   *See Leal v. Georgia Dept. Of Corrections,* 245 F.3d 1276 (11th Cir. 2001); *Higginbottom v. Carter,* 223 F.3d 1259, 1261 (11th Cir. 2000);  *Miller v. Tanner,* 196 F.3d 1190, 1193 (11th Cir. 1999); *Harris v. Garner,* 190 F.3d 1279, 1286 (11th Cir. 1999); *Alexander v. Hawk*, 159 F.3d 1321, 1329 (11th Cir. 1998).  The exhaustion requirement applies to all inmate suits about any aspect of prison life, including cases in which plaintiffs seek only monetary damages. *Woodford v. Ngo,* 126 S.Ct. 2378, 2382, 165 L.Ed.2d 368 (2006); *Porter v. Nussle*, 534 U.S. 516, 122 S.Ct. 983, 152 L.Ed.2d 12 (2002); *Booth v. Churner,* 532 U.S. 731, 121 S.Ct.1819, 1825, 149 L.Ed.2d 958 (2001).  Both the Supreme Court and the Eleventh Circuit have recognized myriad policy reasons favoring exhaustion.  In *Woodford v. Ngo,* the Supreme Court recognized the general benefits of exhaustion as follows:

> First, exhaustion protects "administrative agency authority." Exhaustion gives an agency "an opportunity to correct its own mistakes with respect to the programs it administers before it is haled into federal court," and it discourages "disregard of [the agency's] procedures."
> Second, exhaustion promotes efficiency. Claims generally can be resolved much more quickly and economically in proceedings before an agency than in litigation in federal court. In some cases, claims are settled at the administrative level, and in others, the proceedings before the agency convince the losing party not to pursue the matter in federal court. "And even where a controversy survives administrative review, exhaustion of the administrative procedure may produce a useful record for subsequent judicial consideration."

*Woodford v. Ngo,* 126 S.Ct. at 2385 (internal citations omitted). The Eleventh Circuit has also described seven policy reasons favoring an exhaustion requirement:

> (1) to avoid premature interruption of the administrative process; (2) to let the agency develop the necessary factual background upon which decisions should be based; (3) to permit the agency to exercise its discretion or apply its expertise; (4) to improve the efficiency of the administrative process; (5) to conserve scarce judicial resources, since the complaining party may be successful in vindicating rights in the administrative process and the courts

may never have to intervene; (6) to give the agency a chance to discover and correct its own errors; and (7) to avoid the possibility that frequent and deliberate flouting of the administrative processes could weaken the effectiveness of an agency by encouraging people to ignore its procedures.

*Johnson v. Meadows*, 418 F.3d 1152, 1156 (quoting *Alexander v. Hawk*, 159 F.3d 1321, 1327 (11th Cir. 1998)).

Plaintiff indicates on the complaint form that he submitted his appeal to the Office of the Secretary but that he has not received any results yet. (Doc. 1 at 3). Plaintiff signed his complaint form on November 27, 2006, a mere 18 days after the informal grievance response was signed. Clearly, he did not allow sufficient time to receive the response. Even if plaintiff completed exhaustion of his administrative remedies since his case was filed, it is still be subject to dismissal, as he did not exhaust his administrative remedies before suit was commenced. *Neal v. Goord,* 267 F.3d 116, 119 (2nd Cir. 2001) (citing *Jackson v. District of Columbia*, 254 F.3d 262, 268-69 (D.C.Cir.2001) (affirming rejection of the argument that § 1997e(a) "permits suit to be filed so long as administrative remedies are exhausted before trial"); *Harbin-Bey v. Rutter*, 420 F.3d 571, 580 (6th Cir. 2005) (quoting *Freeman v. Francis*, 196 F.3d 641, 645 (6th Cir.1999) ("The prisoner, therefore, may not exhaust administrative remedies during the pendency of the federal suit.")); *Perez v. Wisconsin Department of Corrections,* 182 F.3d 535 (7th Cir. 1999) ("[A] suit filed by a prisoner before administrative remedies have been exhausted must be dismissed; the district court lacks discretion to resolve the claim on the merits, even if the prisoner exhausts intra-prison remedies before judgment."); *see also Nyhuis v. Reno*, 204 F.3d 65, 71 (3rd Cir. 2000) ("Allowing the federal courts to fashion prison remedies before the prisons themselves have had the opportunity (and have the ability) to do so, is surely not what Congress intended when it enacted the [Prison Litigation Reform Act]."); *Alexander v. Hawk*, 159 F.3d 1321, 1326 (11th Cir.1998) ("[E]xhaustion is now a pre-condition to suit.... Mandatory exhaustion is not satisfied by a judicial conclusion that the requirement need not apply."); *Garrett v. Hawk*, 127 F.3d 1263, 1265 (10th Cir.1997) ("Congress specifically amended the statute to ... requir[e] federal prisoners to exhaust all administrative remedies before bringing ... a claim under 42 U.S.C. § 1983.")).

Plaintiff cannot cure the defect in his failure to exhaust his administrative remedies by post-filing exhaustion.  Thus, he has failed to state a claim and his case must be dismissed without prejudice.   *Rivera v. Allin*, 144 F.3d 719, 731 (11th Cir. 1998) (citation omitted) ("A claim that fails to allege the requisite exhaustion of remedies is tantamount to one that fails to state a claim upon which relief may be granted.")

Plaintiff has also submitted a letter, "to whom it may concern," and two envelopes that were addressed by him to James V. McDonough and stamped "legal mail."  He asks that the court mail these items for him because cannot send the letters through institutional mail because "anything with [his] name, Department of Corrections, or Tallahassee they are not letting it out."  It is not the province of this court to provide such a service to the plaintiff.  The clerk will be directed to return the plaintiff's correspondence to him.

Accordingly, it is ORDERED:

The clerk of court is directed to return to the plaintiff the two envelopes addressed by him to James V. McDonough.

And in accordance with the foregoing, it is respectfully RECOMMENDED:

That the plaintiff's case be dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim due to plaintiff's failure to exhaust his administrative remedies before filing suit.

At Pensacola, Florida, this 6th day of December, 2006.


/s/ *Miles Davis*

**MILES DAVIS**
**UNITED STATES MAGISTRATE JUDGE**

## <u>NOTICE TO THE PARTIES</u>

Objections to these proposed findings and recommendations may be filed within ten days after being served a copy thereof.   **<u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>**   A copy of objections shall be served upon the magistrate judge and all other parties.   Failure to object may limit the scope of appellate review of factual findings.   <u>See</u> 28 U.S.C. § 636; *United States v. Roberts,* 858 F.2d 698, 701 (11th Cir. 1988).